1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY LA'WAYNE ROBINSON, | ) Case No. CV 08-5009-RSWL (OP) |
|---|---|
| Petitioner, | ) ORDER TO SHOW CAUSE RE:<br>) DISMISSAL OF PETITION FOR<br>) WRIT OF HABEAS CORPUS BY A<br>) PERSON IN STATE CUSTODY<br>) (28 U.S.C. § 2254) AS UNTIMELY |
| v. | ) |
| MIKE EVANS, | ) |
| Respondent. | ) |

## I.

## **INTRODUCTION**

On July 24, 2008, Anthony La'Wayne Robinson ("Petitioner"), constructively filed the current Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the Petition over to the prison authorities for mailing.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to summary dismissal because the information provided indicates that the Petition is untimely.

## II.

## **PROCEDURAL HISTORY**

On February 21, 1991, Petitioner was found guilty after a jury trial in the Los Angeles County Superior Court, case no. TA007067, of aiding and abetting murder in violation of California Penal Code section 187(a) and permitting another to shoot from a vehicle in violation of California Penal Code section 12034(b). (Pet. at 2.) The jury also found true the allegations that he possessed a firearm during the commission of the offenses within the meaning of California Penal Code section 12022(b) and that he had sustained a prior serious felony conviction within the meaning of California Penal code section 667(a). (Id.) On March 29, 1991, Petitioner was sentenced to a total state prison term of twenty-three years to life. (Id.)

Petitioner appealed the judgment of conviction, and on February 1, 1993, the California Court of Appeal affirmed the judgment. (Id. at 3.) Petitioner then filed a petition for review in the California Supreme Court which was denied on May 12, 1993. (Id.)

According to the Petition, Petitioner filed the following habeas corpus petitions in the California Court of Appeal:
1) July 11, 2003: petition filed,
   July 16, 2003: petition denied;
2) October 15, 2003: petition filed,
   October 23, 2003: petition denied;

2

1  3)   October 29, 2004: petition filed,
2       November 24, 2004: petition denied;
3  4)   September 23, 2005: petition filed,
4       October 4, 2005: petition denied;
5  5)   December 6, 2005: petition re-filed,
6       January 17, 2006: petition denied;
7  6)   October 10, 2007: petition filed,
8       October 23, 2007: petition denied.

(Pet. at 3-7.)

According to the Petition and the Court's independent review of the California Supreme Court's website, Petitioner also filed the following habeas corpus petitions in the California Supreme Court:

1)  July 31, 2003: petition for review filed in case no. S118020,
    September 10, 2003: petition denied;
2)  November 29, 2005: petition for writ of mandate filed in case no. S139196,
    December 1, 2005: case remanded to Court of Appeal for consideration in light of <u>Hagan v. Superior Court</u>, 57 Cal.2d 767 (1962);
3)  January 12, 2006: habeas corpus petition filed in case no. S140335,
    August 16, 2006: petition denied with citation to <u>In re Swain</u>, 34 Cal.2d 300, 304 (1949), <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995), and <u>In re Dexter</u>, 25 Cal.3d 921 (1979);
4)  September 19, 2006: habeas corpus petition filed in case no. S146667,
    March 28, 2007: petition denied with citation to <u>In re Robbins</u>, 18 Cal.4th 770, 780 (1998); and

3

|   |   |
|---|---|
| 1 | 5) November 9, 2007: habeas corpus petition filed in case no. S158071, |
| 2 | April 30, 2008: petition denied with citation to <u>In re</u> |
| 3 | <u>Clark</u>, 5 Cal.4th 750 (1993), <u>In re Robbins</u>, 18 Cal.4th |
| 4 | 770, 780 (1998), <u>In re Dixon</u>, 41 Cal.2d 756 (1953). |

(Pet. at 3-10; Official Records of California Courts.[2])

On July 24, 2008, Petitioner constructively filed the current Petition. For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

### III.
### DISCUSSION

**A.  Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the

---

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See <u>Smith</u>, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.    The Petition Was Not Filed Within the Limitation Period.**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before the enactment of AEDPA on April 24, 1996, the day after AEDPA's enactment becomes the date upon which the one-year limitation period commences to run. See Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002) (holding that AEDPA's statute of limitations period for state prisoners whose convictions became final prior to AEDPA's enactment is from and including April 25, 1996, to April 24, 1997); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (same).

As discussed above, Petitioner was convicted on February 21, 1991, and sentenced on March 29, 1991. (Pet. at 2.) The California Court of Appeal affirmed the judgment on February 1, 1993. (Id. at 3.) The California Supreme Court denied the petition for review on May 12, 1993. (Id.) Petitioner did not seek review with the United States Supreme Court, therefore, for purposes of the AEDPA's limitation period, his judgment of conviction became final ninety days later, on August 10, 1993. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir.

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court). However, since Petitioner's conviction became final before the AEDPA's enactment, the limitation period ended on April 24, 1997. 28 U.S.C. § 2244(d)(1)(A); see also Malcolm, 281 F.3d at 955. Petitioner did not constructively file the current Petition until July 24, 2008, over eleven years after the statute of limitations had run. Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

### C. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-

6

1  23).[4]

As set forth above, As set forth above, because Petitioner's conviction became final before the AEDPA's enactment, the limitation period ended on April 24, 1997. Statutory tolling is unavailable where, as here, Petitioner's first state habeas petition in the California Court of Appeal was not filed until July 11, 2003, over six years after the expiration of the AEDPA limitations period. (Pet. at 3-7.) Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for any of his remaining habeas petitions filed in the California Court of Appeal or in the California Supreme Court.

Additionally, the state supreme court denied the last two habeas petitions with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998). (Pet. at 3-10; Official Records of California Courts.) The pinpoint citation in Robbins deals entirely with the issue of timeliness with respect to a habeas corpus petition. As a result,

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

the state supreme court denied the petitions on timeliness grounds. Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans, 546 U.S. at 192-93 (citing Carey, 536 U.S. at 222-23).

Since Petitioner filed his state habeas petitions well after the AEDPA limitations expired, he may not avail himself of statutory tolling to render the current Petition timely. Thus, absent equitable tolling or an alternate start date for the statute of limitations, it appears that the current Petition is untimely.

### D. Equitable Tolling

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.[5] A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

---

[5] The Supreme Court in Pace noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace, 544 U.S. at 418 n.8. The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard. Id.

"turn[ ] on an examination of detailed facts"). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to equitable tolling. Thus, as set forth above, it appears that the current Petition is untimely.

### E. Alternate Start of the Statute of Limitations

#### 1. State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief

under this provision.

## IV.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: August 8, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge